[Cite as *State v. Baker*, 2014-Ohio-1967.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA18 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| BRANDON BAKER, | : | |
| Defendant-Appellant. | : | **RELEASED: 4/30/14** |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Katherine A. Szudy, Assistant State Public Defender, Columbus, Ohio, for appellant.[1]

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for appellee.

Harsha, J.

{¶1} Brandon Baker was convicted upon his guilty plea to multiple crimes relating to the home invasion, robbery, and nearly fatal assault of an elderly woman by Baker and three accomplices. The court sentenced Baker to an aggregate 20-year prison term.

{¶2} In his first assignment of error Baker claims because his counsel's deteriorating relationship with the prosecutor's office interfered with counsel's ability to competently represent Baker during plea negotiations, the trial court abused its discretion by denying appointed counsel's requests to withdraw. Because Baker and his appointed counsel were unable to specify facts supporting their claim of a breakdown in the attorney-client relationship of such magnitude as to jeopardize Baker's

---

[1] The appellate briefs were drafted on behalf of Baker by Assistant State Public Defender E. Kelly Mihocik, but Assistant State Public Defender Katherine A. Szudy subsequently filed a notice of substitution of counsel.

right to effective assistance of counsel, the trial court acted within its discretion by denying counsel's requests to withdraw.  We overrule Baker's first assignment of error.

{¶3}    In his second assignment of error Baker claims the trial court erred in imposing a longer sentence on him than his codefendant Colin Stout.  Baker argues Stout was more culpable than him because Stout stabbed and beat the 81-year-old victim, while Baker merely held her down during the assault.  Similarly, he claims in his third assignment of error that during the sentencing hearing his appointed counsel was ineffective because he did not object to the disproportionate sentence.  Baker's claims lack merit, however, because R.C. 2929.11(B) does not require that codefendants receive equal sentences; moreover, it is not clear that Baker truly was less culpable than Stout.  According to the state's statement of facts presented at the change-of-plea hearing, it was Baker's idea to break into the victim's home.  In addition, some of the evidence that the trial court relied upon in sentencing Baker—the videotaped victim impact statement—is not part of the record on appeal and we must presume that evidence supported the trial court's imposition of a 20-year aggregate prison sentence.  Under these circumstances, Baker cannot establish that his lengthier sentence clearly and convincingly violated R.C. 2929.11(B).  Nor can Baker establish that his trial counsel's conduct regarding this claim constituted ineffective assistance of counsel.  We overrule Baker's second and third assignments of error.

{¶4}    Finally, in his fourth assignment of error Baker claims the trial court's imposition of consecutive sentences was clearly and convincingly contrary to law.  Because a review of the transcript of the sentencing hearing and the trial court's sentencing entry reveals that the trial court did not make the findings required by R.C.

2929.14(C)(4) in imposing consecutive sentences, we sustain Baker's fourth assignment of error, reverse that portion of the judgment entered by the trial court, and remand the cause for resentencing.

## I.  FACTS

{¶5}    In January 2012, Baker informed Colin Stout, Cody Stout, and Christopher Fleming of his idea to break into the home of an eighty-one year old woman who lived by herself.  After the four drove to the home, Baker and Colin Stout broke into the residence by kicking in the front door while the other two remained in the truck.  Baker and Colin Stout proceeded to steal various items from the home, including the victim's purse, which contained cash and a check book, prescription medication, and a pocket knife.

{¶6}    Baker and Colin Stout left the residence, but then reentered the home at a later time to steal more items.  When they reentered the home, the victim woke up, and in accordance with their plan, they tried to kill her.  Colin Stout repeatedly stabbed and beat the victim while Baker held her legs down so that she couldn't kick them.  They stopped only when they thought she was dead.  The attack left the victim with severe physical and psychological injuries, including permanent facial disfigurement, and necessitated her moving from her home of 62 years.

{¶7}    An Athens County grand jury indicted Baker and the others on two counts of aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree, two counts of aggravated burglary in violation of R.C. 2911.11(A)(1) and (2), a felony of the first degree, one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A), a felony of the first degree, two counts of felonious assault in violation of R.C.

2903.11(A)(1) and (2), a felony of the second degree, two counts of kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree, one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and sundry lesser crimes. After the Ohio Public Defender's office was appointed to represent Baker, attorney Eric Hedrick of that office entered an initial appearance and plea of not guilty on Baker's behalf at the arraignment.

{¶8} In October 2012, the state extended an offer to Baker to plead guilty to the charges in the indictment in return for a recommended aggregate jail sentence of 15 years without the ability to seek judicial release before the expiration of the sentence. Around the same time, the state extended a plea offer to Colin Stout of a prison term of 17 years. Baker rejected the offer to him on January 14, 2013.

{¶9} A few weeks later, Colin Stout entered into an agreement with the state in which he pleaded guilty to the charges in return for the state's recommended aggregate sentence of 15 years with Stout not being able to file for judicial release until he had served seven and one-half years of his sentence. Ultimately, the trial court sentenced Colin Stout to the recommended 15-year sentence without the prohibition against filing for judicial release.

{¶10} After the state reached the plea agreement with Colin Stout, it offered Baker an 18-year sentence for a few days until it again offered a 15-year sentence without judicial release, with the offer to expire at 4:00 p.m. on February 8, 2013.

{¶11} On February 8, 2013, before the state's offer expired, attorney Hedrick orally requested that he be allowed to withdraw as Baker's attorney because Baker felt

Hedrick was no longer able to pursue his best interests in light of the plea negotiations

that had led at one point to the state offering Baker three more years than codefendant

Colin Stout.  Baker also complained because the state offered Baker the same 15-year

term, but with a stricter condition forbidding him from seeking judicial release.  Hedrick

informed the court:

> [A]t this point uh Mr. Baker's asked that I no longer represent him uh this, this today's negotiation and some prior negotiations earlier this week have uh, eroded Mr. Baker's trust in me, uh as competent counsel.  And he no longer feels that I'm able to pursue his best interests.  Uh this, this matter has driven a wedge between us and he just said, he told me that he does not feel comfortable going to trial with me.  And uh I honestly don't blame him at this point.  And I did not bring this up before because I didn't think it would foster the negotiation further Judge.  But um, after I contacted [Athens County Prosecuting Attorney] Mr. Blackburn following Colin Stout's guilty plea for the fifteen year recommended sentence, Mr. Blackburn at that point told me that uh that Brandon, that the State's offer for Brandon was now eighteen years at that point.  Uh no longer the fifteen that he originally started with.  Um, and I think, we think the Court might be able to understand what the kinda, what the psychology is, what this does to these kids.  Uh Mr. Stout started with a seventeen year offer.  Mr. Baker started with a fifteen year offer.  Uh Mr. Stout uh reached an agreement with the State for fifteen years.  And then following that Mr. Baker's offer became eighteen years.  Um, yesterday Keller, Mr. Blackburn uh I guess, I'm not sure what reason, he didn't give one, brought that back to fifteen.  But then the unexpected turn here, or at least unexpected on my part and Mr. Baker's part.  And believe me your honor, this has been no small endeavor for, for myself and Mr. Baker to, you know to get ourselves to a fifteen year point here.  But, but uh you know he felt that it was the best choice for him all things considered.  Uh but now the State is insisting on a term that wasn't included in Colin Stout's agreement.  Uh and uh you know Brandon can't understand at this point why, why this is all happening and, and what it is about me that's making things worse for him and not better.  Uh and so you know at this point I think there is an inherent conflict and, and the, you know he does not have any kind of trust in me any longer.  Um and so I am following his wishes and I am moving to withdraw from the case Judge.

{¶12}  The trial court then inquired of Baker what his specific objections to

attorney Hedrick were, and the following colloquy ensued:

BY THE JUDGE:  Thank you.  Mr. Baker uh tell me why you want uh, well tell me what your position is?

BY DEFENDANT BAKER:  Just is I don't see why when I'm not the worst part of the crime, why I should have a worse deal than the dude that did more than I did got, I don't have trust in Eric no more.  To get –

BY THE JUDGE:  Well those are two different things. Tell me why the prosecuting attorney was making one offer and uh, he's made an offer to you and why that effects your ability to, I'd like to hear from Mr. Baker.

BY ATTORNEY Hedrick:  I'm trying to explain-

BY THE JUDGE:  Do you understand my question?

BY DEFENDANT BAKER:  No.

BY THE JUDGE:  Okay what I, I guess my question Mr. Baker is it seems to me you're talking about your complaining about the State, not making the same offer to you, as it made to Colon, Colin Stout.  And I don't see how that effects your ability to work with Mr. Hedrick?

BY DEFENDANT BAKER:  I just don't trust him.

BY THE JUDGE:  I'm sorry?

BY DEFENDANT BAKER:  I don't have faith in him at all.

BY THE JUDGE:  But I am trying to find out why?

BY DEFENDANT BAKER:  I just don't.

BY THE JUDGE:  You just don't have faith in him?

BY DEFENDANT BAKER:  No I don't think he-

BY THE JUDGE:  You know I can not here [sic] you.  Cause I'm old and I don't have very good hearing.  I didn't hear what you said?

BY DEFENDANT BAKER:  I just don't have any faith in him.  I don't think he's capable of doing it anymore.  I don't have any faith in him?

BY THE JUDGE:  And why don't you think he's capable of having a jury trial here and defending you to the best of his abilities?

BY DEFENDANT BAKER:  I don't feel comfortable with him anymore.

{¶13}  The trial court denied attorney Hedrick's motion to withdraw because Baker failed to articulate sufficient reasons to support the motion and because attorney Hedrick had negotiated in good faith.  A few days later, Hedrick renewed his motion to withdraw as Baker's counsel because he felt that the state was treating Baker differently than Colin Stout even though Stout "was identified * * * as the most egregious or most culpable offender."  Hedrick concluded this disparity existed because of some animus on the part of the prosecuting attorney for Hedrick.  After the state countered that the plea negotiations had proceeded without any vendetta against Hedrick, the trial court denied the motion because Hedrick specified no new reasons for the motion.

{¶14}  The next day, Baker, represented by Hedrick and Herman Carson, another attorney in the state public defender's office, changed his plea to guilty to the charges in the indictment.  There was no plea agreement.  When questioned by the trial court, Baker specified that he was satisfied with his attorneys' representation of him throughout the whole process.  The state presented a statement of facts of the crimes on Baker's guilty plea, which included that it was Baker's idea to break into the victim's home and that he knew the plan was that if the victim woke up, they would kill her.  The trial court found Baker guilty as charged in the indictment and ordered a presentence investigation.

{¶15}  In April 2013, the trial court held a sentencing hearing where it considered the presentence investigation, an interview in which he confessed to the crimes to a captain of the Athens County Sheriff's Office, and a videotaped victim impact statement. At this hearing, attorney Glenn T. Jones of the state public defender's office represented Baker.  The state requested an aggregate sentence of 20 years in prison, and Baker

asked for a sentence of 15 years in prison because he was "just as culpable as [Colin] Stout," who beat and stabbed the victim, and received a 15-year total sentence.

**{¶16}** The trial court merged many of the charges for sentencing purposes and ordered some of the unmerged sentences to be served consecutive to each other so that Baker's aggregate prison term was 20 years.

## II.  ASSIGNMENTS OF ERROR

**{¶17}** Baker assigns the following errors for our review:

1.  Because there was a complete breakdown in the attorney-client relationship between Mr. Baker and his appointed counsel, the trial court abused its discretion when it did not allow appointed counsel to withdraw.

2.  Mr. Baker's sentence is contrary to law; the trial court has no valid justification for imposing a longer sentence on Mr. Baker – who was less culpable than his codefendant Colin Stout.

3.  Mr. Baker's trial attorney was constitutionally ineffective because he did not object when the trial court imposed a longer sentence on his client than what was imposed on the more culpable codefendant.

4.  Because the trial court did not make the statutory findings required by R.C. 2929.14(C)(4) and Crim.R. 32(A)(4) before imposing consecutive sentences, Mr. Baker's sentence is contrary to law.

## III.  LAW AND ANALYSIS

### A.  Requests for Withdrawal of Court Appointed Counsel

**{¶18}** In his first assignment of error Baker claims that the trial court abused its discretion when it did not allow his appointed counsel, Hedrick, to withdraw.  As the parties acknowledge, a trial court's decision denying an attorney's motion to withdraw as counsel for an indigent criminal defendant is reviewed under an abuse-of-discretion standard.  *See State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 135.  A trial court abuses its discretion when its decision is unreasonable, arbitrary, or

unconscionable. *Cullen v. State Farm Mut. Auto. Ins. Co.,* 137 Ohio St.3d 373, 2013–Ohio–4733, 999 N.E.2d 614, ¶ 19.

**{¶19}** In general, an indigent defendant does not have a constitutional right to choose the attorney who will represent the defendant at state expense. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, ¶ 64. "To discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988), paragraph four of the syllabus. An indigent defendant bears the burden of establishing good cause for the substitution of counsel. *Williams* at ¶ 135.

**{¶20}** "Grounds for obtaining newly appointed counsel exist only upon a 'showing of good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust result.' " *State v. Carter*, 4th Dist. Ross No. 10CA3169, 2010-Ohio-6316, ¶ 45, quoting *State v. Blankenship*, 102 Ohio App.3d 534, 538, 657 N.E.2d 559 (12th Dist.1995). If a defendant alleges facts which, if true, would require relief, the trial court must inquire into the defendant's complaint and make that inquiry part of the record, although the inquiry may be brief and minimal. *State v. Bomar*, 4th Dist. Scioto No. 00 CA 2703, 2000 WL 1617934, *8 (Oct.23, 2000).

**{¶21}** When Hedrick raised the issue by requesting to withdraw because Baker was dissatisfied with the ongoing plea negotiations, the trial court inquired about the complaint. However, Baker repeatedly failed to specify any facts to establish the good cause required to allow Hedrick to withdraw as his appointed counsel. Instead, he

relied on vague, general statements that he did not trust Hedrick or have faith in him rather than articulating specific facts. *Bomar* at *8 ("Vague or general objections do not trigger the duty to investigate further"). Ultimately, when Baker decided to change his plea to guilty to the charges, he conceded that he was satisfied with his court-appointed attorneys' representation of him throughout the case.

**{¶22}** Moreover, the record does not support Hedrick's claim that the state had a vendetta against him resulting in what he perceived to be harsher plea offers for Baker than for his codefendant, Colin Stout. The state claimed that the plea offers were based on the circumstances of the case rather than any perceived animus against Hedrick. In addition, the state initially offered Baker less prison time than it offered Colin Stout and increased the prison time in subsequent offers only after Baker rejected the initial offer and Colin Stout accepted a plea agreement.

**{¶23}** Finally, Baker's reliance in his reply brief on *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), is unpersuasive. In that case, the United States Supreme Court held that defendants are entitled to the effective assistance of counsel during plea negotiations and that counsel may be ineffective when counsel's advice led to the rejection of a plea deal that would have resulted in a lesser sentence. That case is distinguishable because in *Lafler*, 132 S.Ct. at 1384, 182 L.Ed.2d 398, all of the parties agreed that the performance of the defendant's counsel was deficient when he advised the defendant to reject a plea offer on the grounds that he could not be convicted at trial. In this case, there is no evidence in the record that Hedrick ever advised Baker to reject any of the state's plea offers. Under these circumstances, *Lafler* is inapplicable. *See State v. Carter*, 3d Dist. Allen No. 1-13-26, 2013-Ohio-4637, ¶ 19

("There is no indication in the record that trial counsel advised Carter to reject the plea offer making [*Lafler*] applicable herein").

**{¶24}**  Therefore, Baker failed to establish that the trial court's decision denying Hedrick's requests to withdraw as his appointed counsel were unreasonable, arbitrary, or unconscionable.  Neither Baker nor Hedrick established a breakdown in the attorney-client relationship of such magnitude as to jeopardize Baker's right to the effective assistance of counsel.  In fact, when Hedrick first raised the issue the state still had a plea offer that would have recommended a 15-year prison sentence for Baker.  We overrule Baker's first assignment of error.

### B.  Disproportionate Sentences

**{¶25}**  In his second assignment of error, Baker contends that his sentence is contrary to law because the trial court imposed a longer sentence on him—20 years—than the 15 years it imposed on his more culpable codefendant, Colin Stout.  Generally, when reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2).  *See State v. Brewer*, Meigs No. 14CA1, 2014-Ohio-____, ¶ 33 ("we join the growing number of appellate districts that have abandoned the *Kalish* plurailty's second-step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion'").  R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law."

**{¶26}** Baker contends that his 20-year aggregate sentence is clearly and convincingly contrary to R.C. 2929.11(B), which requires that a felony sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." The goal of R.C. 2929.11(B) is consistency, not uniformity. *See State v. Blanton*, 4th Dist. Lawrence No. 11CA26, 2012-Ohio-6082, ¶ 19. Consistent sentences need not be equal for codefendants convicted of the same offense with similar or identical histories of recidivism; consistency requires only that the trial court weigh the same factors for each defendant. *Id.*; *State v. Bailey*, 4th Dist. Highland No. 11CA7, 2011-Ohio-6526, ¶ 38.

**{¶27}** Therefore, the mere fact that Baker received an aggregate prison term that was five years longer than the term received by his codefendant Colin Stout does not establish a violation of R.C. 2929.11(B).

**{¶28}** Moreover, although Baker claims on appeal that he was less culpable than Colin Stout because he did not stab or beat the victim, he admits he held her down, and he does not dispute that it was his idea to break into the victim's home in the first place. Because the crimes were Baker's idea, the trial court was justified in imposing a harsher sentence on him. *See State v. Murphy*, 10th Dist. Franklin No. 12AP-952, 2013-Ohio-5599, ¶ 14 (even though offenses may be similar, distinguishing factors may justify dissimilar sentences).

**{¶29}** Finally, the trial court considered the videotaped victim impact statement in determining Baker's appropriate sentence, but Baker failed to order that statement as part of the record on appeal. In the absence of that statement, we must presume it supports the trial court's sentence. *See State v. Kingery*, 5th Dist. Delaware No. 04-

CAA-04029, 2004-Ohio-4605, ¶ 24-29 (appellate court presumes that imposition of harsher sentence on appellant than codefendants was justified when appellant failed to include in the record on appeal the transcripts of sentencing hearings, presentence investigation reports, and victim impact statements).

**{¶30}** Therefore, the trial court did not act clearly and convincingly contrary to the consistency requirement of R.C. 2929.11(B) in imposing a harsher sentence on Baker than codefendant Colin Stout. We overrule Baker's second assignment of error.

### C.  Ineffective Assistance of Counsel

**{¶31}** In his third assignment of error, Baker asserts that his trial counsel—attorney Jones of the state public defender's office—was ineffective because he did not object when the trial court imposed a longer sentence on Baker than on Colin Stout.

**{¶32}** To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 23.

**{¶33}** Baker can prove neither part of the test. Attorney Jones specifically argued at the sentencing hearing that the trial court should impose the same 15-year sentence on Baker that it imposed on codefendant Colin Stout. And for the reasons previously stated in our discussion on Baker's second assignment of error, attorney Jones's failure to emphasize this issue more than he did resulted in no prejudice to

Baker.  In other words, the trial court was justified in imposing the 20-year sentence on

Baker and there is no reasonable probability that Jones's increased efforts would have

changed that result.  We overrule Baker's third assignment of error.

### D.  Consecutive Sentences

**{¶34}**  In his fourth assignment of error, Baker asserts that the trial court clearly

and convincingly violated R.C. 2929.14(C)(4) and Crim.R. 32(A)(4) by imposing

consecutive sentences without making the required statutory findings.

**{¶35}**  After the enactment of Am.Sub.H.B. No. 86, if multiple prison terms are

imposed on an offender for convictions of multiple offenses, the trial court may impose

consecutive sentences if it makes the three findings required by R.C. 2929.14(C)(4):

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶36}**  Under the tripartite procedure set forth in R.C. 2929.14(C)(4), to impose

consecutive sentences the trial court had to find that (1) consecutive sentences are

necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) as applicable here, the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct. *See State v. Swayne*, 4th Dist. Adams Nos. 12CA952, 12CA953, and 12CA954, 2013-Ohio-3747, ¶ 42.

{¶37} It is not necessary for the trial court to use talismanic words in each step of this analysis to comply with R.C. 2929.14(C)(4); but it must be clear from the record that the trial court actually made the required findings. *State v. Clay*, 4th Dist. Lawrence No. 11CA23, 2013-Ohio-4649, ¶ 64, citing *State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-10829, 2012-Ohio-3349, ¶ 16.

{¶38} The record here includes the transcript of the sentencing hearing as well as the sentencing entry. Before it imposed sentence the trial court stated:

> Okay the Court's considered the principals and purposes of sentencing. The pre-sentence investigation. The uh interview uh that you had with Captain Cooper. The victim impact statement * * *. And um, the Court finds that the seriousness factors out weigh, let's say far out weigh the any less seriousness factors at all. I mean there was uh certainly a home invasion that evidently took place twice. And um [the victim] being an elderly woman was uh brutally um assaulted uh by a knife and evidently by uh some sort of a pool ball or some something along that line. Stabbed and beaten and while Mr. Stout uh, uh actually did that you certainly uh did not stop him. You were holding her down so that she uh couldn't get away as if she needed held down from looking at her there. Um you didn't do anything to try to mitigate uh her injuries or what happened to her at that time by reporting it. Uh by
> * * * phone call or anything along that line. And uh, just don't know what gets into people, Mr. Baker.

**{¶39}** In its sentencing entry the trial court stated that it considered "principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." The trial court further specified that it considered "the factors under RC. 2929.13." Notably absent from the trial court's sentencing entry is any indication that the court considered the factors in R.C. 2929.14(C)(4).

**{¶40}** The trial court did not make the findings required by R.C. 2929.14(C)(4). That is, it is not clear from either the transcript of the sentencing hearing or the sentencing entry that the trial court made these findings. The transcript of the sentencing hearing and the sentencing entry indicate that the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and weighed the seriousness of the factors specified in R.C. 2929.12, but there is no indication that the trial court made any of the findings required by R.C. 2929.14(C)(4). This case is thus distinguishable from the cases cited by the state in which the record clearly established that the trial courts made the requisite findings. *Compare State v. Burt*, 8th Dist. Cuyahoga No. 99097, 2013-Ohio-3525, ¶ 37, and *State v. Forney*, 2d Dist. Champaign No. 2012-CA-36, 2013-Ohio-3458, ¶ 36.

**{¶41}** Therefore, Baker has established that the trial court's imposition of consecutive sentences was clearly and convincingly contrary to law because the trial court did not make the findings required by R.C. 2929.14(C)(4). We sustain Baker's fourth assignment of error.

IV.  CONCLUSION

{¶42}  Having overruled Baker's first, second, and third assignments of error, we affirm the trial court's judgment with respect to those issues.  Having sustained Baker's fourth assignment of error, we reverse the judgment of the trial court sentencing Baker and remand the cause for resentencing in accordance all applicable requirements.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART, AND
CAUSE REMANDED.

McFarland, J., dissenting.

**{¶43}** I respectfully dissent.  The record reveals at a final pretrial hearing, and with his client present, counsel for the appellant stated: *"* * * so Judge I, I truly believe that, that uh Mr. Baker can not get effective and fair representation from me at this point.  I mean as an officer of the Court I am stating I'm relatively certain that he can't."* (Emphasis added.)

**{¶44}** As such, I find this statement problematic and in the interests of justice, I would vacate appellant's plea and remand to the trial court to proceed with new counsel.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED. Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment and Opinion.
McFarland, J.: Dissents with attached Dissenting Opinion.


For the Court


BY: _____
        William H. Harsha, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**