[Cite as *State v. Snider*, 2021-Ohio-348.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                   :    Case No. 20CA5

                                          :

v.                                          :    <u>DECISION AND JUDGMENT
ENTRY</u>

                                          :

STEPHEN MATT SNIDER,                        :

                                          :    **RELEASED: 02/03/2021**

    Defendant-Appellant.                  :

_____

<u>APPEARANCES:</u>

George J. Cosenza, Parkersburg, West Virginia for Appellant.

Nicole T. Coil, Washington County Prosecuting Attorney, for Appellee.

_____

Wilkin, J.

{¶1} This is an appeal from a Washington County Court of Common Pleas judgment entry that sentenced Appellant, Stephen Snider, to an eight-year aggregate prison term for three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4) and (C)(2), felonies of the third degree. After our review of the record and the applicable law, we affirm the trial court's sentencing entry.

BACKGROUND

{¶2} On November 6, 2019, the State charged Appellant with six counts of gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4) & (C)(2) with five counts involving one juvenile victim, and one count involving a second juvenile victim, both were under the age of 13. Appellant initially pleaded not guilty to the charges. However, on December 19th, the trial court held a hearing during which Appellant pleaded guilty to three of the GSI counts. Appellant

signed a written plea admitting guilt to GSI counts one, five, and six, with counts one and five involving one juvenile victim, and count six involving the other juvenile victim. In exchange, the State dismissed the remaining three counts. The trial court issued a judgment accepting Appellant's plea, and set a sentencing hearing for January 13, 2020. The trial court ordered a presentence investigation ("PSI"). At the January sentencing hearing, the trial court imposed a five-year prison term for counts one and five, and a three-year prison term for count six, with counts one and five to be served concurrently, but consecutive to count six, for an aggregate eight-year-prison term. Subsequently, the trial court issued a sentencing judgment entry. It is this judgment that Appellant appeals, asserting a single assignment of error.

ASSIGNMENT OF ERROR

THE COMMON PLEA COURT OF WASHINGTON COUNTY OHIO ERRED
WHEN IT IMPOSED CONSECUTIVE SENTENCES UPON APPELLANT

{¶3} Appellant first argues that the trial court did not make the requisite findings that the harm caused by Appellant's offenses was so great or unusual in order to impose consecutive sentences. He also asserts four additional arguments: (1) the "facts" did not support consecutive sentences because the trial court improperly concluded that any child molestation is "so great and unusual" that no facts are needed to support consecutive sentences, (2) the mere fact that the child is upset is not enough to support consecutive sentences, (3) the trial court improperly "bootstrap[ped]" Appellant's honesty in his PSI to support consecutive sentences, and (4) his Ohio Risk Assessment System ("ORAS") score did not indicate recidivism.

{¶4} In response, the State argues that Appellant has failed to clearly and convincingly show that the trial court erred in imposing consecutive sentences. The State argues that although Appellant argued "vigorously" at sentencing that the trial court should not impose consecutive sentences, he failed to "object or argue to the sentencing judge that the judge's consecutive sentencing findings were not supported by the record[;]" thus, he has waived all but plain error. The State argues that Appellant's "real focus" is on whether the record supports the trial court's findings that the harm was so serious it supported consecutive sentences. The State argues the facts support that the Appellant's abuse of the victims was so great that the Appellant cannot show by clear and convincing evidence that the trial court's imposition of consecutive sentences was unsupported by the record.

{¶5} While appellant asserts a single assignment of error, in support he raises several arguments pertaining to his sentence that we will address individually: (1) the trial court failed to make the findings required to impose consecutive sentences, (2) the trial court's finding - that the harm caused by Appellant was so great or unusual that consecutive sentence were necessary - was not supported by the record, (3) the trial court improperly relied on Appellant's confession from his PSI to find that he lacked remorse for his crimes, and (4) that the trial court improperly discounted Appellant's ORAS score in imposing his sentence.

LAW AND ANALYSIS

1. Sentencing Standard of Review

{¶6} "When reviewing felony sentences appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Johnson*, 4th Dist. Adams No. 19CA1082, 2019-Ohio-3479, ¶ 7, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 7. "R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either: (a) that the record does not support the sentencing court's findings under" applicable statutory sentencing provisions (e.g. R.C. 2929.14(C)(4)), or (b) "that the sentence is contrary to law." *State v. Shankland*, 4th Dist. Washington No. 18CA11, 18CA12, 2019-Ohio-404, ¶ 18-19, quoting R.C. 2953.08(G) and citing *Marcum* at ¶ 23. Any findings required by applicable statutory sentencing provisions and made by the sentencing court must still be supported by the record. *State v. Gray*, 4th Dist. Scioto No. 18CA3857, 2019-Ohio-5317, ¶ 21. And " ' "a sentence is generally not contrary to law if the trial court considered the R.C. 2929.11 purposes and principles of sentencing as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post[-]release control, and imposed a sentence within the statutory range." ' " *State v. Day*, 4th Dist. Adams No. 19CA1085, 2019-Ohio-4816, ¶11, quoting *State v. Perry*, 4th Dist. Pike No. 16CA863, 2017-Ohio-69, 2017 WL 105959, ¶ 21, quoting *State v. Brewer*, 4th Dist. Meigs No. 14CA1 2014-Ohio-1903, 11 N.E.3d 317, ¶ 38.

{¶7} "Clear and convincing evidence is 'that measure or degree of proof which * * * will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123

Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

> It is important to understand that the "clear and convincing" standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge. It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review. *State v. King*, 4th Dist. Lawrence No. 19CA10, 2020-Ohio-1512, ¶ 9, quoting *State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-4458 ¶ 7.

### 2. R.C. 2929.14(C)(4), Consecutive Sentences

{¶8} Appellant first argues that the trial court failed to make the proper *findings* under R.C. 2929.14(C)(4) to impose consecutive sentences. We disagree.

{¶9} "R.C. 2929.41(A) creates a presumption in favor of concurrent sentences." *State v. Walker*, 4th Dist. Gallia No. 19CA1, 2020-Ohio-617, ¶ 20 "In order to impose consecutive terms of imprisonment, a trial court must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but the court has no obligation to state reasons to support its findings." *State v. Blair*, 4th Dist. Athens No. 18CA24, 2019-Ohio-2768, ¶ 52, citing *State v. Bonnell*, 140 Ohio St.3d

209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.   Under "the tripartite procedure

set forth in R.C. 2929.14(C)(4)," a trial court must find that:

> consecutive sentences are necessary to (1) protect the public
> from future crime or to punish the offender, (2) consecutive
> sentences are not disproportionate to the seriousness of the
> offender's conduct and to the danger the offender poses to
> the public, and (3) * * * the harm caused by two or more
> multiple offenses was so great or unusual that no single
> prison term for any of the offenses committed adequately
> reflects the seriousness of the offender's conduct.  *State v.
> Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-
> 5601, ¶ 58, citing *State v. Baker,* 4th Dist. Athens No.
> 13CA18, 2014-Ohio-1967, ¶ 36.

{¶10} "Although it is not necessary for a trial court to use talismanic words in

each step of its analysis to comply with R.C. 2929.14(C)(4), it must be clear from

the record that the trial court actually made the required findings."  *Blair*, 4th Dist.

Athens No. 18CA24, 2019-Ohio-2768, ¶ 53, citing *Baker*, 4th Dist. Athens No.

13CA18, 2014-Ohio-1967, ¶ 37.  If a trial court makes these findings, then the

imposition of consecutive sentences is not contrary to law. *State v. Terry*, 2nd

Dist. Clark No.  2016-CA-65, 2017-Ohio-7266, ¶ 18.

     a. The Trial Court Made the Findings Required by R.C. 2929.14(C)(4)

{¶11}  At the sentencing hearing, and in its sentencing entry, the trial court

made the following findings:

> The court further finds that the imposition of consecutive
> sentences is necessary to protect the public from future crime or
> to punish the defendant; and imposition of consecutive
> sentences are not disproportionate to the seriousness of
> defendant's conduct and to the danger defendant poses to the
> public; and at least two of the multiple offenses were committed
> as part of one or more courses and the harm caused was so
> great or unusual that no single prison term for any of the
> offenses committed as part of the courses of conduct adequately
> reflects the seriousness of that conduct. (Emphasis added.)

These findings are clearly compliant with those required by R.C. 2929.14(C)(4), so the trial court's imposition of consecutive sentences is not contrary to law. *Terry* at ¶ 18.

> b. The Trial Court's Findings Under R.C. 2929.14(C)(4)(b) Are Not Clearly and Convincingly Lacking Record Support

**{¶12}** The Appellant also argues that the "facts" did not support consecutive sentences because the trial court improperly concluded that any child molestation is "so great and unusual" that no additional facts are needed to support consecutive sentences. The Appellant further alleged the mere fact that the child is upset is not enough to support consecutive sentences. In other words, Appellant argues that the trial court's finding - that the harm caused the victims in this case was so great or unusual that no single prison term was sufficient - was not supported by the record. We disagree.

**{¶13}** At the sentencing hearing in the case at bar, the trial court stated:

> [A]s far as making this more serious than the norm, I'm going to find the mental suffered by the victims of the offense due to the conduct of the [Appellant] was exacerbated because of the age of the victims here. And let's face it: Their lives are destroyed. You know, there's nothing we can do here to fix that. I mean, for the rest of their lives, they're going to suffer injury.
>
> Also find the victim of the offense suffered serious psychological harm as a result of the offense. Going to find that the [Appellant's] relationship with the victim facilitated the offense, which makes it more serious than the norm.

**{¶14}** The victims, KM and CS, were cousins and both were of elementary-school age. KM was the daughter of Appellant's fiancé. Appellant abused KM multiple times by rubbing her vagina under her clothing, sometimes

while simultaneous touching himself. It appears that Appellant had access to KM because she, her mother, and Appellant lived together.

{¶15} Appellant also abused CS once when she came to stay overnight with KM. Appellant abused CS by rubbing her vagina, while he watched a video of two women having sex on his phone, and subsequently uploaded another sex video onto the victim's phone. She told Appellant that his action made her "uncomfortable," but stated that "she was scared to tell her grandmother."

{¶16} Law enforcement interviewed KM about the abuse. During the interview, KM "appeared nervous and was chewing and sucking on a string from the hooded sweatshirt she had on her lap." After KM stated that she had been abused more than five times, she said she thought she was going to get in trouble for telling and began to cry. KM said that Appellant told her that she needed to keep the abuse a secret, and she was too scared to say anything. KM also said that she was "too scared" to tell Appellant not to touch her. KM stated that CS hardly talks to her anymore and doesn't want to come back to visit until Appellant is in jail. KM broke down crying as she made this statement.

{¶17} Based on the aforementioned, we cannot clearly and convincingly find that the record does not support the trial court's findings of "great or unusual" harm finding under R.C. 2929.14(C)(4)(b). *See State v. Eager*, 8th Dist. Cuyahoga No. 7–15–02, 2015-Ohio-3525, ¶ 21 (Court of Appeals affirmed consecutive sentences where Appellant pleaded guilty to four of seven counts of GSI that "were committed as part of a course of conduct, which resulted in great or unusual harm" by " 'placing 'his hand in [the] pants and underwear, [and] then

rubb[ing] the vagina' of the eight-year-old daughter of his girlfriend with whom [Appellant] shared a home.").

2.   Trial Court Did Not Abuse Its Discretion In Considering Appellant's PSI

**{¶18}** Appellant's third argument asserts that the trial court improperly considered Appellant's confession as set out in his PSI to assist it in finding that Appellant was not remorseful for his crimes. We disagree.

**{¶19}** "R.C. 2947.06 permits a trial court to order a PSI or psychological report to aid the court in sentencing." *State v. Ellis*, 8th Dist. Cuyahoga No. 98538., 2013-Ohio-1184, ¶ 42.  R.C. 2951.03(A) lists various factors that should be included in presentence investigation reports [including] the circumstances of the offense and the criminal record, social history, and present condition of the defendant * * *." *State v. Slider*, 4th Dist. No. 93 CA 26, 1994 WL 224212, at *2 (May 20, 1994).  A "trial court may evaluate and rely on the sentencing factors in the PSI report using its own personal discretion." *State v. Cole*, 11th Dist. Crawford No. 3-01-08, 2001-Ohio-2273, accord *State v. McCoy*, 4th Dist. Gallia No. 19CA4, 2020-Ohio-3088, ¶ 29.  An " 'abuse of discretion' connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary or capricious." *Mann v. Mann*, 4th Dist. Allen No. 09CA38, 2011-Ohio-1646, ¶ 13, citing *Blakemore v. Blakemore* , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶20}** Trial courts have relied upon information from a PSI report to assess a defendant's remorse, or lack thereof.  See e.g. *State v. Temple*, 6th Dist. Lucas No. L-18-10702019-Ohio-3503, ¶ 9 ("The court further noted that the

presence investigation report gave a different account of the facts and that appellant's statement therein failed to demonstrate any remorse."); *State v. Daniel*, 5th Dist. Ashland No. 11–COA–0472012-Ohio-2952, ¶ 20 ("At the time he was evaluated for the presence investigation, appellant showed no remorse for his crimes and had failed to follow through on substance abuse treatment."); *State v. Kimbrough*, 1st Dist. Hamilton No. C-180295, 2019-Ohio-2561, ¶ 9 ("[T]he presentence-investigation report reflects that Mr. Kimbrough did not believe that a crime had been committed or that he should have been charged  - probative of a lack of remorse.").

{¶21} In the case at bar, Appellant wrote a letter of apology to the trial court, and at the sentencing hearing, he again apologized: "I realize what I've done wrong, and I'm here taking full responsibility for my actions."  Nevertheless, after acknowledging that Appellant "had a small criminal history," the trial court stated: "[I] don't believe that you've shown remorse. I believe, from looking at the statement of fact, that first, you denied it, and then you minimized it, and then you blamed the victims, and now you are basically having your family and friends saying, hey, you're a great guy, this isn't like you."

{¶22} We find that the trial court's consideration of Appellant's statements regarding his culpability for the GSI offenses found in Appellant's PSI was not unreasonable, arbitrary or capricious.  See *Temple*, at ¶ 9, *Daniel*, at ¶ 20, and *Kimbrough*, at ¶ 9.  Therefore, we hold that the trial court did not abuse its discretion in relying on Appellant's PSI to assist it in determining that Appellant was not remorseful for his crimes.

4. The Court Did Not Abuse It Discretion in Declining to Consider Appellant's

ORAS Score

{¶23} Appellant's fourth argument is that the trial court improperly discounted his ORAS score, which purportedly predicted that Appellant's possibility of recidivism was low.  We disagree.

{¶24} In 2001, the General Assembly enacted R.C. 5120.114 (A), which, in pertinent part, provides that: "The department of rehabilitation and correction shall select a single validated risk assessment tool for adult offenders. This assessment tool shall be used by the following entities: * * * Common pleas courts, when the particular court orders an assessment of an offender for sentencing or another purpose."  R.C.5120.114.  The Department of Rehabilitation and Correction selected the ORAS.  Ohio Adm.Code 5120-13-01. The ORAS is used to "assess an adult offender's risk of reoffending and to assess the offender's rehabilitative needs."  *State v. Williams*, 4th Dist. Jackson No. 15CA3, 2016-Ohio-733, fn. 1.  Notably, none of the seven categories that ORAS assesses pertain to sex offenses.  See *State v. Saylor*, 2nd Dist. Champaign No. 2018-CA-14, 2019-Ohio-1025 (The ORAS assesses an offender in seven categories: (1) criminal history, (2) education, employment, and financial situation, (3) family and social support, (4) neighborhood problems, (5) substance use, (6) peer associations, and (7) criminal attitudes and behavioral patterns.").[1]

---

[1] There are other tests that specifically assess recidivism of a sex offender, such as the "Static 99" test, which "is an actuarial instrument designed to estimate the probability of sexual recidivism among adult males who have been convicted of at least one sexual offense."  *State v. Colpetzer*, 8th Dist. Cuyahoga No. 79983, 2002-Ohio-967, *2.  But the Static 99 test appears to be used as one of several factors to in determining whether an offender, who has been convicted of a sex offense, should be classified as a sexual offender. See *State v. Morales*, 153 Ohio App.3d 635, 795 N.E.2d 145 (1st. Dist. 2003).  And, similar to ORAS, [t]he utility of the STATIC-99 evaluation as a diagnostic tool for individual risk assessment is open to question."  *State v. Ellison*, 8th Dist. Cuyahoga No. 78256, 2002-Ohio-4024, ¶ 9.

**{¶25}** "Despite ORAS having been designated as the 'single validated risk assessment tool for adult offenders,' it 'is a work in progress,' and this designation does not eliminate the discretion of * * * a court * * * evaluating the rehabilitative needs of an offender." *State ex rel. Semenchuk v. Ohio Adult Parole Auth.*, 10th Dist., Franklin No. 19AP-361, 2019-Ohio-4641, ¶ 20, quoting *State v. Jennings*, 2d Dist. No. 2013 CA 60, 2014-Ohio-2307, ¶ 25, 28; see also *State v. Prater*, 4th Dist. No. 18CA1069, 2019-Ohio-2745, fn. 5 ("[ORAS] is an assessment tool which can be used at various points in the criminal justice system to gather information and aid in informed decision-making."). This court has similarly recognized, " 'ORAS is a work in progress, and is not a litmus test for sentencing.' " *State v. Williams*, 4th Dist. Jackson No., 2014-Ohio-4966, fn. 2, quoting *Jennings,* at ¶ 28. Consequently, " 'at most, it [ORAS] may be one factor in informing a trial court's discretion * * *. ' " *State v. Lawson*, 2nd Dist. Champaign No. 2017-CA-28, 2018-Ohio-1532, 111 N.E.3d 98, fn. 2 (J. Froelich Concurring), quoting *Jennings*, 2d Dist. Clark No. 2013-CA-60, 2014-Ohio-2307, ¶ 28.

**{¶26}** At the sentencing hearing, the trial court acknowledged Appellant's ORAS score, but found that "it was not set up for sex offenders," and found it "not to be accurate." The trial court went on to find that Appellant's "risk of reoffending is actually very high," and, later in the hearing, stated that "this was just not three-time offenses; this is a serious course of conduct that's been happening over a long period of time."

**{¶27}** Because courts, including this one, have recognized ORAS is not a litmus test for sentencing, let alone specifically intended to assess sexual offenders, and Appellant was involved in a course of conduct in sexually abusing minor victims, we find that the trial court's decision to not consider Appellant's ORAS score as a factor in Appellant's sentencing was not unreasonable, arbitrary or capricious. Accordingly, we hold that the trial court did not abuse its discretion in discounting Appellant's ORAS score.

CONCLUSION

**{¶28}** In sum, we conclude that we do not clearly and convincingly find that the trial court's sentence is contrary to law, or was unsupported by the record. We also conclude that the trial court did not abuse its discretion in its consideration of Appellant's PSI or ORAS score in sentencing Appellant. Therefore, we overrule Appellant's assignment of error, and affirm the trial court's sentencing entry.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:        _____
           Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**