[Cite as *State v. Woods*, 2025-Ohio-781.]

                    IN THE COURT OF APPEALS OF OHIO
                        FOURTH APPELLATE DISTRICT
                              ROSS COUNTY


STATE OF OHIO,                          :

        Plaintiff-Appellee,             : CASE NO. 24CA21

        v.                              :

RODDY L. WOODS,                         : DECISION AND JUDGMENT

        Defendant-Appellant.            :

_____

                            APPEARANCES:

Brian A. Smith, Fairlawn, Ohio, for appellant.[1]

Jeffrey C. Marks, Ross County Prosecuting Attorney, Chillicothe,
Ohio, for appellee.
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:3-3-25
ABELE, J.

        {¶1}  This is an appeal from a Ross County Common Pleas Court

judgment of conviction and sentence.  Roddy L. Woods, defendant

below and appellant herein, raises the following assignment of

error for our review:

>          "THE TRIAL COURT ABUSED ITS DISCRETION IN
>          ORDERING A PRESENTENCE INVESTIGATION REPORT,
>          DUE TO THE MANDATORY NATURE OF APPELLANT'S
>          SENTENCE AND THE LACK OF A REQUIREMENT FOR A
>          PRESENTENCE INVESTIGATION REPORT UNDER CRIM.R.
>          32.2."

_____

        [1] Different counsel represented appellant during the trial
court proceedings.

{¶2} On August 18, 2023, a Ross County Grand Jury returned an indictment that charged appellant with (1) Count One, Aggravated Trafficking in Drugs, a second-degree felony in violation of R.C. 2925.03, and (2) Count Two, Aggravated Possession of Drugs, a second-degree felony in violation of R.C. 2925.11.

{¶3} On May 9, 2024, and pursuant to the parties' plea agreement, appellant pleaded guilty to Count One of the indictment and the appellee agreed to dismiss Count Two. The trial court accepted appellant's plea, ordered a presentence investigation pursuant to appellant's request, and scheduled a sentencing hearing.

{¶4} At the June 24, 2024 sentencing hearing, the trial court considered all relevant information, counsels' arguments and recommendations and (1) sentenced appellant to serve 3 to 4.5 years in prison for Aggravated Trafficking in Drugs, and (2) dismissed Count Two, Aggravated Possession of Drugs. This appeal followed.

{¶5} In his sole assignment of error, appellant asserts that the trial court's order to conduct a presentence investigation (PSI) constitutes reversible error. In particular, appellant

3

claims that, because he pleaded guilty to an offense that requires a mandatory sentence with no possibility of a community control sanction, a PSI is not required to be prepared. Consequently, appellant reasons, the information contained in the PSI concerning his prior criminal history caused him prejudice and the court abused its discretion when it ordered the PSI for sentencing purposes. Appellant points out that because R.C. 2951.03 and Crim.R. 32.2 provide that courts should not impose community control sanctions without consideration of a PSI, courts, appellant claims, should not be permitted to consider a PSI if a defendant's violation requires a mandatory prison sentence rather than a community control sanction.

{¶6} Appellee, on the other hand, argues that (1) the PSI provided the court with relevant information to help formulate an appropriate sentence, and (2) because appellant at his plea hearing affirmatively requested a PSI, if any error occurred it should be deemed invited error.

{¶7} In *State v. Snider*, 2021-Ohio-348, (4th Dist.), this court discussed the use of PSI information to assist courts in the

4

formulation of appropriate criminal sentences.  See, also, R.C. 2947.06.  In general, a sentencing court's goal should be to collect and consider as much relevant information as possible to help the court to arrive at a fair and just sentence.  Thus, courts are empowered to order a PSI to help gather such information.  A court's decision to order a PSI should also generally be evaluated under the abuse of discretion standard.  *Snider; State v. Cole*, 2001-Ohio-2273 (11th Dist.).

{¶8}  In the case sub judice, and in almost any situation that involves a court's attempt to arrive at a fair and just criminal sentence, we believe it difficult to characterize a court's desire to review a PSI prior to the imposition of a sentence as unreasonable, arbitrary or capricious.  We believe that any pertinent background information should be considered before a court construct's an appropriate criminal sentence.  The fact that R.C. 2951.03 speaks to the issue of the use of a PSI before a court imposes a community control sanction does not automatically require the inverse of that proposition, i.e. courts may not use a PSI in situations that involve sanctions other than community control.  As

a general rule, courts should refrain from reading a phrase into a statute when the legislature did not speak directly to that issue. In other words, matters not covered in a statute should be treated as not covered.  Thus, after our review in the case sub judice we do not believe that the trial court abused its discretion.

{¶9}  Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an

application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                              Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.