[Cite as *State v. Fannon*, 2019-Ohio-1752.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180270 |
| | | TRIAL NO. B-1406830 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| TERRENCE W. FANNON, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 8, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}     This appeal raises a pair of sentencing questions: for purposes of Crim.R. 11, what constitutes substantial compliance with nonconstitutional notification requirements in the context of a sex offender's tier classification, and what constitutes substantial compliance with nonconstitutional notification requirements in the context of a defendant's maximum sentence?   Due to deficiencies within the sentencing entry before us, however, we can only reach the substance of the second question.   For the following reasons, we affirm the judgment below.

{¶2}     Terrence W. Fannon pleaded guilty to one charge of first-degree felony rape and one charge of third-degree felony gross sexual imposition, and he received a 13-year sentence.   Prior to accepting his pleas, the trial court informed him on the record that he would be classified as a Tier III sexual offender, and referred to the applicability of lifetime registration requirements and in-person verification every 90 days.   The trial court explained the applicable sentence ranges and pointed him to his "Entry Withdrawing Plea of Not Guilty," which reflected mandatory prison terms.

{¶3}     Mr. Fannon now appeals his convictions.   In his first assignment of error, Mr. Fannon argues that his pleas were not knowing, intelligent, or voluntary for purposes of Crim.R. 11, and therefore must be vacated, because he was not given proper notice of his Tier III classification and registration requirements.   As an independent basis for reversal, he maintains in his second assignment of error that he was not advised that the sentence for rape was mandatory.

{¶4}     We begin with Mr. Fannon's sex-offender classification.   Although noted on the record at the hearing and documented in detail in the "Explanation of Duties to Register as a Sex Offender," the November 8, 2017 judgment entry itself

2

(encompassing the convictions and sentences) does not actually include a reference to a Tier III classification (or a classification of any kind) corresponding to Mr. Fannon's offenses. "A trial court speaks through its journal entries" as to sanctions, and not through " 'what is said on the record during the sentencing hearing.' " (Citations omitted.) *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, ¶ 7, quoting *State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 26 (12th Dist.). This court has therefore held that "proper tier classification must be included in the judgment of conviction." *State v. Merritt*, 1st Dist. Hamilton No. C-170649, 2018-Ohio-4995, ¶ 3, citing *State v. Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111, ¶ 11, *appeal not allowed*, 148 Ohio St.3d 1411, 2017-Ohio-573, 69 N.E.3d 751. Short of its inclusion, we have held that "there is no order in place requiring [the defendant] to register as a sex offender." *Hildebrand* at ¶ 10.

{¶5}     We therefore overrule Mr. Fannon's first assignment of error, because—like the defendant in *Merritt*—"we cannot decide and [the defendant] cannot show that his guilty pleas were not knowing, intelligent, and voluntary on the basis that he was not informed about community notification and residency restrictions, because those sanctions were never imposed." *Merritt* at ¶ 7. In other words, a defendant cannot effectively appeal a sentence that was not imposed.

{¶6}     Mr. Fannon next argues that he was not properly advised of the mandatory nature of his sentence. A trial court must substantially comply with nonconstitutional notification requirements under Crim.R. 11. "Literal compliance with Crim. R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." (Citation omitted.) *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance

means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Id.* Generally, vacating a plea on this basis requires a showing of prejudice—that "the plea would not have otherwise been made." *State v. Maggard*, 1st Dist. Hamilton No. C-100788, 2011-Ohio-4233, ¶ 6, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Under Crim.R. 11(C)(2)(a), "[i]n felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the changes and of the maximum penalty involved."

{¶7}     Mr. Fannon urges adherence to *Maggard*, in which we reversed no-contest rape pleas where the pleas were not knowingly entered. In *Maggard*, however, the trial court affirmatively misrepresented to the defendant that his sentence would not include mandatory prison time, a misrepresentation that defendant's trial counsel reaffirmed. *Id.* at ¶ 17. Under those circumstances, we vacated the subject pleas.

{¶8}     The state, for its part, points to *State v. Lunsford*, 1st Dist. Hamilton No. C-850057, 1985 WL 4499 (Dec. 18, 1985), in which this court found that a colloquy including a discussion of the maximum sentence and specific reference to the entry withdrawing plea substantially complied with Crim.R. 11(C)—even though the trial court did not advise the defendant that he was ineligible for probation. Whether we consider an omission or misinformation, we must ensure that the defendant understands the implications of the plea and the rights he is relinquishing.

{¶9}     The only part of the colloquy that raises concern in this case is the trial court's mention of community control, which is not applicable to a rape sentence.

4

Under the totality of the circumstances, however, inclusion of this admittedly inaccurate point does not rise to the level of a misrepresentation that would have affected Mr. Fannon's decision to plead. The trial court addressed Mr. Fannon regarding the range of prison terms and fines associated with his offenses, and it accurately informed him of the maximum sentence that he faced. The "Entry Withdrawing Plea of Not Guilty" indicates that a mandatory prison term is associated with each offense, the trial court specifically directed Mr. Fannon's attention to this document, and there is no allegation that this document contained any misinformation. Therefore, Mr. Fannon cannot credibly maintain that the court's stray comment about community control led him to believe he was not going to be incarcerated (nor does the record reflect any confusion on his part).

{¶10} In sum, it does not appear from a comprehensive reading of the record that Mr. Fannon was unaware of or confused about the applicability of mandatory prison time as a result of his pleas. This case is more in line with *Lunsford*, and it is distinguishable from *Maggard* and cases in similar vein where there was either a complete omission in the colloquy of the maximum penalty or misrepresentation of the mandatory nature of the defendant's sentence. We therefore overrule Mr. Fannon's second assignment of error.

{¶11} For the foregoing reasons, we affirm the decision of the trial court and overrule both assignments of error.

Judgment affirmed.

**MOCK, P.J.**, and **ZAYAS, J.**, concur.

Please note:
      The court has recorded its own entry this date.