**[Cite as *State v. Freeman*, 2021-Ohio-2283.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190751 |
| | | TRIAL NO.　B-1901299 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| IBIN FREEMAN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
　　　　　　　　　　　　Remanded

Date of Judgment Entry on Appeal:  July 2, 2021


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *H. Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Matthew S. Schuh*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Ibin Freeman pled guilty to four counts of robbery, one count of aggravated robbery with an accompanying firearm specification, one count of attempted felonious assault, and one count of failure to comply with an order of a police officer. He was sentenced to nine and a half years in prison.

{¶2} In three assignments of error, Freeman argues that the trial court erred (1) in accepting his guilty pleas because they were not made knowingly, voluntarily, or intelligently, (2) in notifying him that he was required to enroll in the violent offender registry, and (3) in failing to include credit for time served in its sentencing entry.

{¶3} We overrule the first assignment of error and sustain the second and third assignments of error. We remand for the trial court to correct the sentencing entry to include the number of days for which Freeman is entitled to credit for time served and to remove the requirement that Freeman enroll in the violent offender registry.

### First Assignment of Error

{¶4} In his first assignment of error, Freeman contends that the trial court erred in accepting his guilty pleas because they were not made knowingly, voluntarily, or intelligently. He argues that the trial court never advised him that he was ineligible for community control as required by Crim.R. 11(C).

{¶5} To ensure a no-contest or guilty plea is made knowingly, intelligently, and voluntarily, the trial court must engage the defendant in a colloquy pursuant to

Crim.R. 11(C) and inform him of certain constitutional and nonconstitutional rights. *State v. Foster*, 2018-Ohio-4006, 121 N.E.3d 76, ¶ 13 (1st Dist.).

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

Crim.R. 11(C)(2)(a).

{¶6} A defendant's eligibility for probation or community control relates to a nonconstitutional right. *Foster* at ¶ 14. A trial court need only substantially comply with Crim.R. 11 when explaining nonconstitutional rights. *Id.* at ¶ 16. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "When a trial court fails to substantially comply with Crim.R. 11 with regard to a non-constitutional right, the plea may be vacated only if the defendant shows prejudice. The test for prejudice is whether the plea would have otherwise been made." *Foster* at ¶ 16.

{¶7} In *Nero,* defense counsel and Nero made statements demonstrating that Nero knew he was going to prison ("of course, he knows—that ultimately he is going to be incarcerated"), ("Your Honor, * * * I would appreciate it if I could have

3

some time to straighten out my affairs."). *Nero* at 108. The Supreme Court held, "Where the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable crime of rape without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11." *Id.* at syllabus.

{¶8}   In *State v. Fannon*, 1st Dist. Hamilton No. C-180270, 2019-Ohio-1752, ¶ 6, Fannon claimed that he was unaware that his plea would result in a mandatory prison term because the trial court had mentioned community control during the plea hearing even though community control was inapplicable. The trial court accurately informed Fannon of the range of prison terms he was facing. *Id.* at ¶ 9. Moreover, the plea agreement form indicated that "a mandatory prison term is associated with each offense, the trial court specifically directed Mr. Fannon's attention to this document, and there is no allegation that this document contained any misinformation." *Id.* at ¶ 9. Therefore, this court held that "under the totality of the circumstances, * * * inclusion of this admittedly inaccurate point does not rise to the level of a misrepresentation that would have affected Mr. Fannon's decision to plead." *Id.* at ¶ 9. This court concluded that "it does not appear from a comprehensive reading of the record that Mr. Fannon was unaware of or confused about the applicability of mandatory prison time as a result of his pleas." *Id.* at ¶ 10.

{¶9}   In *Foster*, 2018-Ohio-4006, 121 N.E.3d 76, at ¶ 12, the defendant claimed that his plea was not made knowingly, voluntarily, or intelligently because he was not informed at the time of his plea that he would receive a mandatory prison

sentence that rendered him ineligible for community control. The trial court erroneously told Foster at the plea hearing that the charge did not carry a mandatory prison term and that he was eligible for community control. *Id.* at ¶ 3-4. The plea form also incorrectly stated that Foster was not subject to a mandatory prison sentence. *Id.* at ¶ 20. But the trial court told Foster multiple times that it was not going to impose probation and that it was going to sentence him to prison. *Id.* at ¶ 22. A majority of this court concluded that under the totality of the circumstances, Foster had failed to show that his plea was not made knowingly, voluntarily, or intelligently. *Id.*

{¶10} Here, Freeman was never advised by the trial court that he was ineligible for probation or community control. But the court did advise Freeman twice that the firearm specification carried a mandatory three-year prison sentence that would run consecutively to the rest of his sentence. The plea form stated the same. Although the court incorrectly advised Freeman of the overall mandatory minimum sentence, it accurately stated the minimum sentences on each of the individual counts. It also explained what would happen if he was placed on post-release control after he served his prison term. Finally, Freeman was never erroneously advised that community control *was* applicable. *See Foster* at ¶ 3-4; *Fannon*, 1st Dist. Hamilton No. C-180270, 2019-Ohio-1752, at ¶ 9. The record demonstrates that the court did not say anything that would give Freeman the impression that he could receive a sentence of community control. Rather, the court was clear that Freeman was facing prison time.

{¶11} Based on the totality of the circumstances, we conclude that the trial court substantially complied with Crim.R. 11(C) and that Freeman has failed to

demonstrate that his pleas were not made knowingly, voluntarily, and intelligently. The first assignment of error is overruled.

### Second Assignment of Error

{¶12} In his second assignment of error, Freeman argues that the trial court erred in notifying him that he was required to enroll in the violent offender registry upon release from prison. The state concedes the error.

{¶13} Pursuant to R.C. 2903.41, the violent offender registry only applies to persons who are found guilty of violating "sections 2903.01, 2903.02, 2903.03, 2905.01 of the Revised Code or a violation of section 2905.02 of the Revised Code that is a felony of the second degree."

{¶14} Freeman was not convicted under any of the applicable code sections. The second assignment of error is sustained.

### Third Assignment of Error

{¶15} In his third assignment of error, Freeman argues that the trial court erred in failing to include credit for time served in its sentencing entry. The state concedes the error, but claims this assignment of error is moot because on September 2, 2020, while this appeal was pending, the trial court issued an entry specifying the number of days of jail time credit to which Freeman is entitled. However, the court did not correct the sentencing entry.

{¶16} The number of jail-time-credit days must be included in the sentencing entry. R.C. 2929.19(B)(2)(g)(i); *State v. Carberry*, 1st Dist. Hamilton No. C-170095, 2018-Ohio-1060, ¶ 18. Therefore, this cause must be remanded for the trial court to include in the sentencing entry the number of jail-time-credit days to which Freeman is entitled. The third assignment of error is sustained.

### *Conclusion*

**{¶17}** The first assignment of error is overruled. The second and third assignments of error are sustained and the cause is remanded to the trial court to correct the sentencing entry nunc pro tunc.

Judgment affirmed in part, reversed in part, and cause remanded.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.