[Cite as *State v. Fikes*, 2021-Ohio-2597.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200221 |
| | | TRIAL NO. B-1904313-A |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ALEJANDRO FIKES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  July 30, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of John D. Hill, LLC,* and *John D. Hill,  Jr.,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Alejandro Fikes appeals from the trial court's judgment accepting his guilty pleas to two counts of trafficking in cocaine and imposing an indefinite ten-to-15 year sentence. Because the trial court did not inform Fikes of the maximum penalty involved under the Reagan Tokes Law, we reverse and remand the cause for further proceedings.

{¶2} Fikes was charged with two counts of trafficking in cocaine and two counts of possession of cocaine, all first-degree felony offenses. The matter proceeded to trial on all counts. After voir dire and opening statements, Fikes entered pleas of guilty to the two trafficking charges. In exchange for his pleas, the state dismissed the two possession charges.

{¶3} At the plea colloquy, the trial court informed Fikes that he faced a maximum 11-year sentence on each count. Fikes signed a written plea agreement reflecting the same. The trial court subsequently accepted the pleas and found Fikes guilty on two counts of trafficking in cocaine. At the sentencing hearing, the court imposed a ten-year sentence on each count, to be served concurrently to one another, for an aggregate ten-year sentence. In its judgment entry, however, the court imposed an indefinite ten-to-15-year sentence. Fikes timely appealed, raising one assignment of error for our review.

{¶4} Fikes argues, and the state concedes, that he did not knowingly, intelligently, or voluntarily enter his guilty pleas because the trial court failed to properly advise him of the maximum penalty involved under the Reagan Tokes Law.

{¶5} Due process requires that a defendant's guilty plea be made knowingly, intelligently, and voluntarily. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a plea is knowingly, intelligently, and voluntarily made, the trial

court must comply with the dictates of Crim.R. 11 before accepting a plea of guilty. *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992). Specifically, the court must make the determinations required by Crim.R. 11(C)(2)(a), give the warnings listed in Crim.R. 11(C)(2)(b), and notify the defendant of the constitutional rights set forth in Crim.R. 11(C)(2)(c). *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11.

{¶6}    As pertinent to this case, Crim.R. 11(C)(2)(a) requires the trial court to determine whether the defendant is entering the plea voluntarily, with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty involved. The term "maximum penalty" refers to "[t]he heaviest punishment permitted by law." *Black's Law Dictionary* 1314 (10th Ed.2014).

{¶7}    R.C. 2929.14 governs prison terms for felony sentencing. Former R.C. 2929.14 provided definite prison terms for all felony offenses. When imposing prison terms for defendants found guilty of first-degree felony offenses, sentencing courts could impose a definite prison term between three and 11 years. Former R.C. 2929.14(A)(1).

{¶8}    However, in 2018, the Ohio legislature enacted 2018 S.B. No. 201, commonly  known as the Reagan Tokes Law, which "significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after [March 22, 2019]." (Internal quotations omitted.) *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. Specifically, when imposing prison terms for defendants found guilty of first- or second-degree felony offenses, sentencing courts must impose an indefinite sentence with a stated minimum

term as provided in R.C. 2929.14(A) and a calculated maximum term as provided in R.C. 2929.144.[1]

{¶9} As relevant here, R.C. 2929.14(A)(1)(a) provides:

For a felony of the first degree committed on or after [March 22, 2019], the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to [R.C. 2929.144].

{¶10} R.C. 2929.144(B)(3) provides:

If the offender is being sentenced for more than one felony, * * * and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under [R.C. 2929.14(A)(1)(a)] * * * plus fifty percent of the longest minimum term for the most serious qualifying felony being sentenced.

{¶11} In this case, the parties agree that the maximum sentence for each count should have been an indefinite prison term of 11 years to 16.5 years (11 years plus one-half of that term). However, the trial court neither advised Fikes that he would be subject to an indefinite sentence nor explained that it could impose a maximum sentence of 11-to-16.5 years on each count, to run consecutively to each another, for an aggregate maximum sentence of 22-to-27.5 years in prison.

---

[1] We note that the constitutionality of the Reagan Tokes Law has been challenged in several appeals currently pending before this court. We have stayed those appeals pending a decision by the Ohio Supreme Court in *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *appeal accepted*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150. However, the constitutionality of the Reagan Tokes Law is not an issue that has been raised in this appeal.

{¶12}   Instead, the court advised Fikes of the maximum sentence possible under the former statutory scheme at his plea hearing, pronounced a sentence under the former statutory scheme at his sentencing hearing, and then imposed a sentence under the Reagan Tokes Law in the judgment entry.  At the plea colloquy, the court advised Fikes that he could receive a maximum definite sentence of 11 years on each count, to run consecutively to each other, for an aggregate maximum sentence of 22 years.  The written plea agreement signed by Fikes reflected the same.  At the sentencing hearing, the court informed Fikes that he was being sentenced to a definite ten-year prison term on each count, to run concurrently to each other, for a total of ten years in prison.  The judgment entry then imposed an indefinite sentence with ten years as the stated minimum term and 15 years as the maximum term as calculated under R.C. 2929.144.

{¶13}   Under these circumstances, we find that the trial court failed to comply with Crim.R. 11(C)(2)(a), and thus, Fikes's guilty pleas were not knowingly, intelligently, and voluntarily made.  Fikes's sole assignment of error is sustained.

{¶14}   In light of the foregoing, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

ZAYAS, P.J., and BOCK, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.