[Cite as *State v. Perry*, 2022-Ohio-3056.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :          APPEAL NO. C-200178
                                             TRIAL NO.  B-1904068
    Plaintiff-Appellee,          :

  vs.                              :
                                             *O P I N I O N.*
MICHAEL L. PERRY,                 :

    Defendant-Appellant.         :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 2, 2022


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} Defendant-appellant Michael L. Perry appeals his classification as a violent offender and his indefinite sentence for the offense of felonious assault.

{¶2} Perry entered a guilty plea to one count of felonious assault, in violation of R.C. 2903.11(A)(1), a second-degree-felony offense. The offense occurred on or about June 7, 2019, subjecting Perry to the indefinite sentencing provisions of the Reagan Tokes Law, effective March 22, 2019. Prior to sentencing, Perry raised a constitutional challenge to the Reagan Tokes Law and requested to be sentenced under the former, definite sentencing scheme. The trial court rejected Perry's constitutional challenge and imposed an indefinite sentence of a minimum term of three years in prison and a maximum term of four-and-one-half years in prison. In addition, the court told Perry that he would be required to register with Ohio's Violent Offender Database pursuant to R.C. 2903.41 through 2903.44 ("Sierah's Law") upon his release from prison.

{¶3} In his first assignment of error, Perry argues that the trial court erred by classifying him as a violent offender under Sierah's Law because he was not convicted of a predicate offense listed in R.C. 2903.41(A). The state concedes the error. Because felonious assault, the offense for which Perry was convicted, is not a predicate offense listed in R.C. 2903.41, the trial court erred by classifying Perry as a violent offender. *See State v. Freeman*, 1st Dist. Hamilton No. C-190751, 2021-Ohio-2283, ¶ 13-14. We sustain Perry's first assignment of error.

{¶4} In his second assignment of error, Perry argues that the Reagan Tokes Law on its face violates the United States and Ohio Constitutions. Specifically, he contends that the Reagan Tokes Law violates the separation-of-powers doctrine. Perry's challenge is ripe for review in his direct appeal of his indefinite sentence. *See State v. Maddox*, Slip Opinion No. 2022-Ohio-764, ¶ 11 and 21.

{¶5} This court addressed a similar challenge to the Reagan Tokes Law in *State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962. In *Guyton*, we

determined that the Reagan Tokes Law was constitutional on its face, rejecting a claim that the indefinite sentencing scheme violates the separation-of-powers doctrine, as well as other clauses of the federal and state constitutions. *Id*. at 18-19 and 69. Based on our holding in *Guyton*, we overrule the second assignment of error.

{¶6} Consequently, we reverse the trial court's judgment as to the violent-offender classification, affirm the court's judgment in all other respects, and remand the case for the trial court to correct the sentencing entry nunc pro tunc in accordance with this opinion and the law.

Judgment accordingly.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.