[Cite as *State v. Jackson*, 2022-Ohio-3449.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200332 |
| | | TRIAL NO. B-1906355 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| WILLIAM JACKSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 30, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger Kirk,* for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant William Jackson appeals his conviction, after a guilty plea, for felonious assault with a firearm specification. In addition to his conviction, he challenges his classification as a violent offender and his indefinite sentence for felonious assault, imposed under the Reagan Tokes Law.

{¶2} We conclude that the trial court erred by classifying Jackson as a violent offender and by failing to provide certain notifications required under the Reagan Tokes Law at Jackson's sentencing hearing. Consequently, we reverse part of Jackson's sentence and remand the matter for the trial court to provide the required notifications and to delete the violent-offender classification from the sentencing entry. In all other respects, we affirm the trial court's judgment.

## I. Background Facts and Procedure

{¶3} Jackson entered a guilty plea to one count of felonious assault, a second-degree felony, with a one-year firearm specification. In exchange, the state dismissed other counts and an additional firearm specification.

{¶4} The felonious-assault offense occurred on or about September 1, 2019, subjecting Jackson to the indefinite sentencing provisions of the Reagan Tokes Law, effective March 22, 2019. Prior to sentencing, Jackson raised a constitutional challenge to the Reagan Tokes Law and requested to be sentenced under the former, definite sentencing scheme. The trial court rejected Jackson's constitutional challenge and imposed an indefinite sentence of a minimum term of two years in prison and a maximum term of three years in prison for the felonious assault, to be served consecutively to a one-year term for the firearm specification. In addition, the court classified Jackson as a violent offender and told him that he would be required to

register with Ohio's Violent Offender Database pursuant to R.C. 2903.41 through 2903.44 ("Sierah's Law") upon his release from prison.

## II. Analysis

### A. Validity of the Guilty Plea

{¶5}   In his first assignment of error, Jackson argues the trial court erred by accepting his guilty plea because it was not knowingly, intelligently, and voluntarily made.  He contends the record does not indicate that he voluntarily waived his jury-trial rights or that he was informed of the maximum penalty to which he was subject.

{¶6}   A guilty plea is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently.  *See State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10; *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure a guilty plea is made knowingly, intelligently, and voluntarily, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11(C).  This requires the court to inform the defendant of his rights and the consequences of his plea and determine if the plea is made voluntarily and with an understanding of its implications.  *See Dangler* at ¶ 11.

{¶7}   With respect to explaining the defendant's constitutional rights, the trial court must strictly comply with Crim.R. 11.  *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus, cited in *Dangler* at ¶ 14.  A defendant must affirmatively show prejudice to invalidate a plea based on the trial court's failure to "fully cover other 'nonconstitutional' aspects of the plea colloquy," unless the trial court completely failed to comply with its duty.  *Dangler* at ¶ 14-15; *see State v. Fikes*, 1st Dist. Hamilton No. C-200221, 2021-Ohio-2597, ¶ 12-13 (Holding that defendant's guilty pleas were not made knowingly, intelligently, and voluntarily where the trial

court completely failed to advise the defendant of the indefinite, maximum sentence he was subject to under the Reagan Tokes Law and instead advised defendant of the maximum sentence under the former statutory scheme.).    When a showing of prejudice is required, "[t]he test * * * is 'whether the plea would have otherwise been made.' " *Dangler* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

### 1. Constitutional Right to a Jury Trial

**{¶8}**    Jackson contends the trial court failed to ensure that he was knowingly waiving his right to a jury trial.  A knowing waiver of the constitutional right to a jury trial cannot be inferred from a silent record.  *See Veney* at ¶ 7, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

**{¶9}**    Here, at the plea hearing, the trial court informed Jackson that he was waiving his constitutional right to a jury trial, explaining to Jackson that he had a right to trial, either before "the Court or a jury," that would be waived upon entering a guilty plea. Moreover, Jackson expressed his understanding of this right and his agreement to waive it at the plea hearing, actions consistent with his signed guilty-plea form that also informed him of this consequence of his plea.

**{¶10}** Jackson complains that the trial court did not obtain a "jury waiver form" before accepting Jackson's plea.  The absence of this form, however, does not affect our conclusion, based on the trial court's jury-trial-right explanation and Jackson's affirmations, that Jackson knowingly waived his right to a jury trial.  *See State v. Kinnebrew*, 1st Dist. Hamilton No. C-060769, 2008-Ohio-812, ¶ 3-4; *see also State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056, ¶ 11 (1st Dist.) (R.C. 2945.05 does not require a written jury waiver before a court may accept a plea of guilty or no contest.).

## 2. Maximum Penalty for the Offense

**{¶11}** Jackson additionally argues the trial court before accepting his plea failed to inform him of the maximum penalty involved for the felonious-assault offense. Under the Reagan Tokes Law, when imposing prison terms for defendants found guilty of first- or second-degree-felony offenses, sentencing courts must impose an indefinite sentence with a stated minimum term as provided in R.C. 2929.14(A) and a calculated maximum term as provided in R.C. 2929.144. *See Fikes*, 1st Dist. Hamilton No. C-200221, 2021-Ohio-2597, at ¶ 8.

**{¶12}** The record reflects that at the plea hearing, the trial court covered the maximum penalty. The court informed Jackson that the offense to which he was pleading guilty carried an "indefinite sentence" and that he would receive both a "minimum and maximum term." For the minimum term, the trial court stated, "on the underlying felonious assault, [the range of penalties] is two to eight years * * * [and] you have that one-year gun specification on there no matter what * * * [so] it would be anywhere from three to nine years on the minimum side." And for the maximum term, the court said, "I'll pick a maximum sentence, which is automatically half of the minimum term * * * [and] because you have this gun specification, what we end up with is 13 years as a max."

**{¶13}** Jackson asserts that he was facing a maximum penalty of 27-and-one-half years. Our review, however, indicates that the trial court's calculations and notifications were accurate for the second-degree-felony offense with the one-year firearm specification. *See* R.C. 2929.14(A)(2)(a) and (B)(1)(a)(iii); R.C. 2929.144(B)(1). Thus, Jackson's challenge is unfounded.

**{¶14}** In sum, nothing in our record prevents this court from concluding, as the trial court did, that Jackson knowingly, voluntarily, and intelligently entered his guilty plea. Accordingly, we overrule the first assignment of error.

### B. Sentencing Issues

**{¶15}** Jackson's second and third assignments of error challenge his sentence. In his second assignment of error, Jackson argues that the trial court erred by classifying him as a violent offender under Sierah's Law and requiring him to register in the violent-offender database. Generally, in Sierah's Law, enacted in 2019, Ohio created a violent-offender database, which requires those deemed "violent offenders" because of a conviction for certain predicate offenses to enroll in a registry to aid law enforcement in tracking their whereabouts. Jackson's third assignment of error addresses the Reagan Tokes Law.

### 1. Classification under Sierah's Law

**{¶16}** Jackson contends he was not convicted of a predicate offense listed in R.C. 2903.41(A) and that the matter should be remanded for the trial court to remove the violent-offender classification. The state concedes the trial court erred by classifying Jackson as a violent offender and agrees the violent-offender classification should be removed from Jackson's sentencing entry.

**{¶17}** Because the offense for which Jackson was convicted, felonious assault in violation of R.C. 2903.11(A)(2), is not a predicate offense listed in R.C. 2903.41(A), the trial court erred by classifying Jackson as a violent offender. *See State v. Freeman*, 1st Dist. Hamilton No. C-190751, 2021-Ohio-2283, ¶ 13-14, cited in *State v. Perry*, 1st Dist. Hamilton No. C-200178, 2022-Ohio-3056, ¶ 3. Consequently, we sustain the second assignment of error.

## 2. Reagan Tokes Law Challenges

**{¶18}** In his third assignment of error, Jackson argues his sentence is contrary to law because the Reagan Tokes Law on its face violates the United States and Ohio Constitutions. Specifically, he contends that the Reagan Tokes Law violates the separation-of-powers doctrine, substantive- and procedural-due-process provisions, and equal-protection guarantees. Jackson's challenge is ripe for review in this direct appeal of his indefinite sentence. *See State v. Maddox*, Slip Opinion No. 2022-Ohio-764, ¶ 11 and 21.

**{¶19}** This court addressed a similar challenge to the Reagan Tokes Law in *State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962. In *Guyton*, we determined that the Reagan Tokes Law was constitutional on its face, rejecting a claim that the indefinite sentencing scheme violates the separation-of-powers doctrine, substantive- and procedural-due-process provisions, and the Equal Protection Clauses of the federal and state constitutions. Based on our holding in *Guyton*, we reject Jackson's challenge to his sentence on the grounds that the Reagan Tokes Law is unconstitutional.

**{¶20}** Both Jackson and the state agree, however, that the trial court failed to properly inform Jackson of the notifications set forth in R.C. 2929.19(B)(2)(c) when sentencing him under the Reagan Tokes Law. When sentencing an offender to a non-life felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c)(i)-(v) at the sentencing hearing to fulfill the requirements of the statute. *See State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 43, cited in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 24.

Consequently, we sustain the third assignment of error because the trial court failed to comply with the notification requirements under the Reagan Tokes Law when sentencing Jackson.

### III. Conclusion

**{¶21}** In conclusion, we reverse part of Jackson's sentence and remand the matter for the trial court to provide the notifications required by R.C. 2929.19(B)(2)(c) and to delete the violent-offender classification from the sentencing entry. In all other respects, we affirm.

Judgment accordingly.

**MYERS, P.J.**, concurs.
**BOCK, J.**, concurs separately.

**BOCK, J.**, concurring separately.

**{¶22}** For the reasons explained in my concurrence in *State v. Edwards*, 1st Dist. Hamilton No. C-200101, 2022-Ohio-3408, I believe that the Reagan Tokes Law violates procedural due process. But I will follow *Guyton* as precedent from this district unless and until the Supreme Court of Ohio tells us otherwise. Therefore, I concur in this opinion and do not intend to write separately in future Reagan Tokes Law cases.

Please note:

The court has recorded its entry on the date of the release of this opinion.