[Cite as *State v. Spangler*, 2023-Ohio-2003.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 21CA17 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| DALTON RAY SPANGLER, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 06/09/2023** |

<u>APPEARANCES:</u>

L. Scott Petroff, Athens, Ohio, Attorney for Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

Wilkin, J.

{¶1} Appellant, Dalton Ray Spangler ("Spangler"), appeals an Athens County Court of Common Pleas judgment entry of conviction that accepted his guilty plea to engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1). That entry also sentenced Spangler to an indefinite 8 to 12 years in prison for that offense and 3 years in prison for his violations of judicial release and community control from three prior cases, 15CR464, 16CA132, and 20CR264. The trial court ordered Spangler's judicial release and community control violations to run concurrent to each other but consecutive to his sentence for engaging in a pattern of corrupt activity for an aggregate prison term of 11 to 15 years.

**{¶2}** Spangler argues that the record does not support the imposition of consecutive sentences, and that he was not advised of the maximum sentence that he could receive because he was unaware that the sentences could run consecutively. In response, the state maintains that the trial court did not err in imposing consecutive sentences, and that it was not required to advise Spangler of a maximum sentence he could receive for his violations of community control and judicial release in his two prior criminal cases and for his new criminal indictment.

**{¶3}** After reviewing the parties' arguments, the record, and the applicable law, we overrule Spangler's two assignments of error and affirm the trial court's judgment entry.

BACKGROUND

**{¶4}** On February 10, 2021, a grand jury indicted Spangler in case 21CR34 for engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a second-degree felony. Spangler initially pleaded not guilty.

**{¶5}** On September 23, 2021, the court held a hearing to consider a guilty plea by Spangler in case 21CR34, and to accept his admission to violating judicial release and community control in cases 15CR464, 16CA132, and 20CR264. These violations were caused by Spangler's offense in case 21CR34, as well as his violations of various conditions imposed in those cases. The state revealed to the court that prior to his judicial release in cases 15CR464 and 16CA132, Spangler had been sentenced to an aggregate prison term of three years.

**{¶6}** The parties recommended the following sentences: (1) for the offense of engaging in a pattern of corrupt activity in case 21CR34, a prison term of six to nine years, and (2) for violating his judicial release and community control sanction in prior cases: 15CR464, 16CR132, and 20CR264 that his "community control be revoked and his underlying prison sentence of two years be imposed, and that run *concurrent* to [his prison term of six to nine years for the offense of engaging in a pattern of corrupt activity]" for an aggregate prison term of six to nine years. (Emphasis added.)

**{¶7}** The court began by reviewing Spangler's violations of judicial release and community control in his prior cases, which included: (1) failed to report to The Landing[1], (2) failed to complete the detox program, (3) was terminated on October 31, 2020 from The Landing, (4) failed to maintain contact with his supervising officer since November 3, 2020, (5) was arrested for identity fraud and theft, to which he admitted, and (6) committing the offense of engaging in a pattern of corrupt activity in case 21CR34. The court then engaged in a colloquy regarding the violations, which included asking Spangler if he understood that admitting to these violations would mean that he could have his judicial release "revoked and all underlying time imposed?" Spangler responded affirmatively. The court accepted Spangler's admission to the violations of his community control.

---

[1] "The Landing" is likely a rehabilitation center. *See State v. Fischer*, 4th Dist. 2019-Ohio-2420, which discusses "The Landing at Cedar Ridge," which is a rehab center.

{¶8} The court then addressed Spangler's proposed guilty plea in case 21CR34 to the offense of engaging in a pattern of corrupt activity by having a colloquy with Spangler that discussed his constitutional and non-constitutional rights. Among other issues, the court informed Spangler that he could be subject to a prison term of 8 to a maximum of 12 years in case 21CR34, and it was not required to accept the sentence that the parties recommended. Pursuant to Spangler's responses, the court found Spangler's guilty plea to the charge in case 21CR34 was knowing, intelligent, and voluntary. More specifically the court found that Spangler had "been informed of his constitutional rights and that he understands the nature of the charge, the effect of the guilty plea, as well as possible penalties." Thus, the court accepted his guilty plea. The court then proceeded on "two separate [sentencing] tracks."

{¶9} For Spangler's violations in cases 15CR464, 16CR132, and 20CR264, the court first revoked his judicial release and community control in all three cases. It then imposed the following prison terms: (1) case 15CR464 (a prison term of three years), (2) case 16CR132 (a prison term of 12 months), and (3) case 20CR264 (a prison term of 12 months) with these three sentences to be served concurrently for an aggregate prison term of three years.

{¶10} Next the trial court sentenced Spangler in case 21CR34 and "considering the recidivism and seriousness factors[,]" the court found that Spangler's corrupt activity was "the very worst possible form of the offense, short of perhaps an elected official violating a public trust." The court further found that Spangler's chance of recidivism was high because he committed this offense

while on judicial release and community control in three other cases, had a pattern of illicit drug use, and showed no remorse. Therefore, the court rejected the parties' agreed sentence, and imposed an indefinite sentence of 8 to 12 years in prison with post-release control.

{¶11} Finally, the court ordered the indefinite prison term of 8 to 12 years in case 21CR34 to be served consecutive to the aggregate prison term of three years in cases 15CR464,16CR132 and 20CR264, effectively increasing Spangler's minimum prison term to 11 years, and his maximum possible prison term to 15 years.

{¶12} After the hearing, the court issued two judgment entries reflecting the sentences it imposed. One addressed cases 15CR464, 16CR132, and 20CR264 that accepted Spangler's admission of violating his community control and judicial release. The entry also revoked his community control and judicial release in those cases, and imposed prison in each of those cases that resulted in an aggregate prison term of three years.

{¶13} The other entry addressed case 21CR34 and accepted Spangler's guilty plea to engaging in a pattern of corrupt activity and imposed an indefinite prison term of 8 to 12 years. It also ordered that sentence to run consecutive to his aggregate three-year prison term imposed in the first entry. It is this judgment entry that Spangler appeals.

ASSIGNMENT OF ERROR I

{¶14} Spangler alleges that the court's imposition of consecutive sentences is not supported by the record. He claims that "[c]onsecutive

sentences are not necessary to protect the public nor punish [him] and are disproportionate to the seriousness of his conduct and to the danger he poses." Contrary to the court's finding, Spangler claims that he showed remorse by pleading guilty in case 21CR34. Spangler makes broad claims that there was no evidence to support that the type of property he stole would make his offense a felony, and the losses associated with his actions were not significant. These claims along with the fact that he made these thefts to support his drug habit showed that his offense was not " 'the very worst possible form of the offense.' " Therefore, he claims that the record does not support that his actions warranted consecutive sentences.

{¶15} In response, the state cites the number of victims (more than 200), who had checks, credit cards, passports, and other documents stolen over a long period of time, supports consecutive sentences. The state further cites the trial court's recognition that Spangler was previously on judicial release and community control for prior offenses at the time that he committed the offense of engaging in a pattern of corrupt activity. Therefore, the state argues that the trial court's imposition of consecutive sentences is supported by the record.

LAW

1. Standard of Review

{¶16} "When reviewing felony sentences appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Johnson*, 4th Dist. Adams No. 19CA1082, 2019-Ohio-3479, ¶ 7, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 7. R.C. 2953.08(G)(2) states

that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:
(a) That the *record does not support the sentencing court's findings* under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
(b) That the sentence is otherwise contrary to law.  (Emphasis added.)

*State v. Jordan*, 4th Dist. Adams No. 19CA1105, 2020-Ohio-3928, ¶ 7, quoting R.C. 2953.08(G)(2).

**{¶17}** "Clear and convincing evidence is 'that measure or degree of proof which * * * will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.  It is important to note that

'[R.C. 2953.08(G)(2)] does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.'

*State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-4458, ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21.

### 2. Consecutive Sentences

**{¶18}** There is a statutory presumption in favor of concurrent sentences pursuant to R.C. 2929.41(A). "In order to impose consecutive terms of imprisonment, a trial court must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its

sentencing entry, but the court has no obligation to state reasons to support its findings." *State v. Blair*, 4th Dist. Athens No. 18CA24, 2019-Ohio-2768, ¶ 52, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

> "Under the tripartite procedure set forth in R.C. 2929.14(C)(4), prior to imposing consecutive sentences a trial court must find that: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of three circumstances specified in the statute applies."

*State v. Cottrill*, 4th Dist. Ross No. 20CA3704, 2020-Ohio-7033, ¶ 14, quoting *State v. Baker*, 4th Dist. Athens No. 13CA18, 2014-Ohio-1967, ¶ 35-36.

> The three circumstances are: (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*, quoting R.C. 2929.14(C)(4)(a)-(c).

Any findings required by applicable statutory sentencing provisions and made by the sentencing court, such as R.C. 2929.14(C)(4)(c), must still be supported by the record. *State v. Gray*, 4th Dist. Scioto No. 18CA3857, 2019-Ohio-5317, ¶ 21.

ANALYSIS

**{¶19}** There is no dispute that the trial court made the findings required for it to order Spangler to serve consecutive sentences. Specifically, the court found that consecutive sentences were required to punish the offender, protect the public from future crime, and is not disproportionate to the seriousness of his conduct or any danger posed by the defendant. Finally, the court cited Spangler's criminal history, and that "[his actions were] part of an on-going course of conduct with the harm caused so great and unusual that a single prison term would demean the seriousness of the offense" were both "circumstances" that supported consecutive sentences.

**{¶20}** Spangler, however, contends that the record does not support these findings. He focuses on specific facts in support of minimizing his offense of engaging in a pattern of corrupt activity. For example, he claims that the amount of some of the thefts were minimal, that the state was seeking only $288 in restitution as part of his plea. He claims that there were no allegations that Spangler stole any property that would make his predicate offense a felony.

**{¶21}** The mere fact that individually the amount of some of his thefts were not large sums of money, or that as part of this plea the state was seeking only $288 of restitution, is not indicative of the extent of injury that he caused. For instance, the record shows that the financial injury was greater than the $288 sought in restitution by the fact that one victim had checks stolen in amount of $1,237.10. Spangler stole other items as well, including credit cards, passports, prescriptions, a fishing license, and a book of checks, causing victims not only financial injury but other types of injury as well, e.g., travel disruption. And

Spangler's alleged use of the money to support his illegal drug habit does not mitigate the damage he inflicted. But perhaps most notable was the scope of Spangler's conduct was quite broad with thefts occurring in Athens County from Lockbourne to Sugar Grove, causing injury to *201* victims.

**{¶22}** Finally, we find that the record shows that Spangler was on judicial release and community control in cases 15CR464, 16CR132, and 20CR264 when he committed engaging in a pattern of corrupt activity in case 21CR34, which is a "circumstance" that supports consecutive sentences.

**{¶23}** Therefore, we do not clearly and convincingly find that the record does not support the trial court's findings it made pursuant to R.C. 2929.14(C)(4) that are required for consecutive sentences. Accordingly, we overrule Spangler's first assignment or error.

## ASSIGNMENT OF ERROR II

**{¶24}** In his second assignment of error, Spangler maintains that "[a] defendant cannot knowingly, intelligently, and voluntarily enter a plea of guilty when the defendant is not informed of the possibility of consecutive sentences." Spangler maintains that during the plea hearing the trial court informed him of the maximum penalty "only as it relates to 21cr0034." But, he claims that the court never informed him that his sentence in case 21CR34 could run consecutive to his sentences in cases 15CR464, 16CR132, and 20CR264. Thus, Spangler claims he did not understand that he could face a prison term of 11 to15 years by being subject to consecutive sentences for his three prior cases. In support, Spangler cites *State v. Fikes*, 1st Hamilton No. C-200221, 2021-Ohio-2597.

{¶25} Spangler also cites the fact that the parties reached an "agreed sentence" of no more than nine years in prison.  Spangler claims that his failure to be informed of the maximum sentence of 11 to15 years caused him prejudice because his expectation was that he would be sentenced to the agreed upon 6 years in prison and had he known of the maximum sentence, he would have rejected the plea.

{¶26} Spangler alleges that he has a viable defense against engaging in a pattern of corrupt activity claiming that a single actor cannot be convicted of this offense, citing *State v. Halka*, 2021-Ohio-149, 166 N.E.3d 707 (6th Dist.).

{¶27} In response, the state argues that the court was not required to inform Spangler of the maximum sentence from both his post-conviction release cases and his conviction for engaging in a pattern of corruption.  Because Spangler waived his right to a hearing on his community-control violations, the trial court "[was] not required to comply with the requirements of Crim.R. 11, which governs pleas."  *State v. Norman*, 2d Dist. Clark No. 2017-CA-40, 2017-CA-41, 2018-Ohio-993, ¶ 19, citing *State v. Cunningham*, 2d Dist. Clark Nos. 2014-CA-99 and 2014-CA-100, 2015-Ohio-2554, ¶ 14. The state maintains that a trial court need not comply with the requirements of Crim.R. 11, which governs pleas, in accepting an offender's admission to community control violations.  *See, e.g., State v. Brown,* 3d Dist. Logan No. 8-14-04, 2015-Ohio-468, ¶ 15; *State v. Lucas,* 6th Dist. Ottawa Nos. OT-13-025, OT-13-026, 2014-Ohio-3857, ¶ 7.

LAW

1.  Standard of Review

**{¶28}** "In determining whether a guilty or no contest plea is knowing, intelligent, and voluntary, an appellate court must examine the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Meade*, 4th Dist. Scioto No. 17CA3816, 2018-Ohio-3544, ¶ 6, citing *State v. Billiter,* 4th Dist. Scioto No. 15CA3720, 2018-Ohio-733, ¶ 15.

2. Maximum Sentence

**{¶29}** " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' "  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7; quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  "To achieve that goal, 'the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C).' " *State v. Cremeans*, 4th Dist. Ross No. 21CA3744 2022-Ohio-4832, ¶ 9, quoting *State v. Ruby,* 4th Dist. Adams No. 3CA780, 2004-Ohio-3708, ¶ 8, citing Crim.R. 11(C)(2)(a).  In part, "Crim.R. 11(C)(2)(a) [requires a trial court] to inform the defendant of the maximum penalty involved for each offense." *State v. Duty*, 4th Dist. Lawrence No. 16CA6, 2017-Ohio-451, ¶ 27 (Harsha, J., concurring in judgment).  However, "[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of

Crim.R. 11(C)(2), and does not render the plea involuntary." *State v. Johnson*,

40 Ohio St. 3d 130, 532 N.E.2d 1295 (1988), syllabus.


ANALYSIS

1. A Trial Court's Failure to Inform A Defendant of the Possibility of Consecutive Sentences Does Not Render A Plea Involuntary

**{¶30}** At the September 23, 2021 plea hearing, the court advised Spangler that it could impose a maximum term of 12 years in prison as part of an indefinite prison term of 8 to 12 years for the offense of engaging in a pattern of corrupt activity in case 21CR34. The also court asked Spangler if he understood that by admitting to the violations at issue his judicial release and community control could be revoked and "all underlying time imposed[,]" which was an aggregate prison term of three years. Spangler responded affirmatively.

**{¶31}** However, Spangler maintains that the court was also obligated to inform him that it could order those sentences to be served consecutively, and that failing to do so caused his plea to be less than knowing, voluntary or intelligent. We disagree. Pursuant to the Supreme Court's opinion in *Johnson*, there was no obligation for the court to advise Spangler that it could have ordered those prison terms to run consecutively. 40 Ohio St. 3d 130, 532 N.E.2d 1295 (1988), syllabus. The trial court's advisement to Spangler during the plea hearing that it could impose a maximum term of 12 years in prison in case 21CR34, and three years for his violations of judicial release and community control was sufficient under *Johnson* for his plea to be knowing, voluntary and intelligent.

### 2. Courts Are Not Obligated to Impose Agreed Sentences

**{¶32}** The fact that the parties submitted an agreed or recommended sentence to the court for Spangler regarding his prison term for engaging in a pattern of corrupt activity and for violating his judicial release also offers no support to Spangler's appeal. It is well settled that sentencing courts are under no obligation to accept agreed/recommended sentences. *State v. Underwood*, 124 Ohio St. 3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28, citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6. As we found in analyzing Spangler's first assignment of error, the trial court informed Spangler that it was not obligated to accept a recommended sentence and justifiably rejected concurrent service of those two sentences after making findings in R.C. 2929.14(C)(4), which we found were supported by the record.

### 3. *Fikes* is Not Applicable

**{¶33}** Spangler maintains that the First District Court of Appeal's decision in *Fikes* supports his argument. 1st Hamilton No. C-200221, 2021-Ohio-2597. We disagree.

**{¶34}** In *Fikes*, during the plea colloquy, the trial court erroneously relied on the sentencing statutes prior to the Reagan-Tokes Amendment that now require indefinite sentences when it advised the defendant of the maximum sentence that he could face if he pleaded guilty. However, after the court accepted the defendant's plea, it sentenced him to an indefinite prison term under the sentencing statutes as required by the Reagan-Tokes Amendment.

The court of appeals reversed the defendant's plea finding it was not knowing, voluntary, or intelligent.

{¶35} *Fikes* addresses the trial court's error of relying on one version of the sentencing statutes during its colloquy, but on a different version at sentencing.  No such error occurred in our case.

{¶36} In sum, we find that *Fikes* is not helpful in resolving Spangler's second assignment of error in his favor.

{¶37} Therefore, based on our de novo review of the record we find under the totality of the circumstances Spangler's plea was knowing, intelligent, and voluntary.   Accordingly, we overrule Spangler's second assignment of error.

CONCLUSION

{¶38} Having overruled both of Spangler's assignments of error, we affirm the trial court's sentencing entry.


**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

P.J., Smith and J., Hess:  Concur in Judgment and Opinion.

For the Court,

BY: _____
Kristy S. Wilkin, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**